UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CAUSE NO.: 1:18-cr-331- **JPH-KMB** |
| vs. | ) |
| | ) |
| **THOMAS GOLIDAY** | ) |
| | ) |
| **Defendant.** | ) |

DEFENDANT'S SENTENCING MEMORANDUM

Thomas Goliday, ("Goliday") by counsel Charles C. Hayes, files the following Sentencing Memorandum setting out the factors that the court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Procedural Background

The January 30, 2024, sentencing hearing is a remand from a judgment entered on February 12, 2021, in which Goliday was sentenced to 180 months in prison. Although, undersigned counsel is not aware of any prior sentencing memorandums having been filed[1], the Court did hear arguments from counsel as well an allocution provided by the Defendant. The applicable statements made by counsel and the defendant at the original sentencing hearing are included as Exhibit 1 to DKT 128.

Goliday has been incarcerated since his arrest by Marion County authorities on September 27, 2018. Goliday returns to this Court having been continuously in either jail or prison for over sixty actual months. Prior to being brought back to the District in October of

1

2023 by the USM, Goliday was serving his sentence at FCI Ashland. A "Summary Reentry Plan – Progress Report," was completed by the prison on December 15, 2023. This progress report was attached to DKT 128 as Exhibit 2.

## Advisory Sentencing Guidelines

The Final PSR (DKT 123) calculated Goliday's total offense level as 33, and a criminal history category of II. As the PSR notes, Goliday objected to paragraph 16 of the preliminary PSR (DKT 122), that "the defendant admitted to the ownership of the drugs and the loaded firearms in the residence." However, the probation department modified the language in paragraph 16 of DKT 123; this modified language accurately reflects Goliday's statements to the police. Although, Goliday maintains his objection to the enhancement imposed in paragraph 23, he agrees that probation has relied on proper case law in the addendum to the PSR. Assuming the court accepts the guideline calculation suggested in the PSR, the advisory guideline sentence for Goliday is a range of 151 to 188 months.

## Personal Background

Goliday was born in November of 1971. His mother died in a car accident when he was only two years old, and his father was incarcerated for large chunks of his childhood. As a result, Goliday's upbringing became the responsibility of various family members including his paternal grandparents. Not surprisingly, the loss of his mother combined with the unavailability of his father made Goliday's childhood particularly challenging. After his grandparents passed away, Goliday relied on his aunts, Blonnie and Dissree to provide him his emotional nourishment.

---

[1] Undersigned Counsel was appointed following the mandate for remand.

2

Children who are abandoned by their fathers often suffer a variety of negative effects. The effects are the same, regardless of whether the abandonment is physical or emotional. Some of those effects include: a significantly increased risk of suicide, depression, anxiety, 32 times the average rate of incarceration, decreased educational levels, increased drop-out rates, lower than average income levels, increased rates of divorce and substance abuse, and increased social and mental health issues.[2] Because children tend to internalize abandonment, the most damaging effect may be on their sense of self-esteem.[3]

Given his lack of parental guidance, it is not overly surprising that Goliday began using drugs and alcohol when he was only 16 years old. Eventually, Goliday became a habitual user of opiates including Percocet, Oxycodone, and heroin. His usage continued up until the time of his arrest. Despte his struggles with substance abuse, Goliday has maintained consistent employment. Goliday has his high school diploma.

Other than a pending minor infraction, Goliday's performance at the BOP has been exemplary. Goliday finished his substance abuse treatment[4], and has completed a wide array of other course work and certificates. He has received good work evaluations through his participation in the UNICOR program. He has fully paid off his court assessed fines and the special assessment.

---

[2] https://thefathercode.com/the-9-devastating-effects-of-the-absent-father/.
[3] Campbell, Leah, *The Longterm Effects of Being Abandoned by a Father*, http://oureverydaylife.com/longterm-effects-being-abandoned-father-39537.html
[4] Goliday is ineligible for a time cut for his successful participation in the RDAP program because of his enhancement under 2D1.1(b)(1).

SENTENCING CONSIDERATIONS

Legal Analysis

A.   Consideration of the 18 U.S.C. § 3553(a) Factors

Standard

To avoid procedural error, sentencing judges must correctly calculate the guidelines range, evaluate the factors in 18 U.S.C. § 3553(a), and rely on properly supported facts. United States v. Jackson, 547 F.3d 786, 792 (7th Cir. 2008). Judges must also "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).

A district court may not presume that the guideline sentence is the correct one. Rita v. United States, 551 U.S. 338, 351 (2007). This court has discretion to impose a sentence outside the guidelines range if its consideration of the factors in 18 U.S.C. § 3553(a) persuade it to do so. Gall, 552 U.S. at 50.  The sentencing judge does not need extraordinary circumstances to impose a non-Guidelines sentence. *Id.* Nor is the sentencing judge required to find more compelling reasons merely because there might be a large deviation from the applicable guideline range. Moreover, the court is not required to address every § 3553(a) factor individually or to articulate conclusions as to each one. United States v. Sainz-Preciado, 566 F.3d 708, 716 (7th Cir. 2009). In short, the court is simply required to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing.

C. The 18 U.S.C. § 3553(a) factors which the court considers are:

a. The history and characteristics of the defendant and the nature and circumstances of the offense and pursuant to 18 U.S.C. § 3553(a)(1);

4

  b. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A));

  c. To afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B));

  d. To protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C));

  e. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D));

  f. To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)); and

  g. To provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

## CONCLUSION

When determining an appropriate sentence for Goliday, it is important for the court to consider all of the information it has available, and apply that information to the factors outlined in 18 U.S.C. § 3553(a). In the context of the present case, the Court has substantially more discretion in the type of sentence that it can impose than it did in January of 2021. First of all, Goliday's conspiracy conviction was vacated by the 7th circuit, so the mandatory minimum for the Court to consider is now 120 months instead of the 180 months previously required. Secondly, the sentencing commission has reduced Goliday's criminal history category score from III to II. Therefore, his new guideline range is 151-188 months as opposed to the range of 168 to 210 months that he faced at the prior sentencing hearing.

Goliday's lack of a violent criminal history and strong work history are characteristics of an offender that can be properly rehabilitated. Goliday turned fifty years old during his period of

incarceration, and he will not be eligible for release for several more years. His age at the time of his projected release, coupled with the support of his family (including seven adult children) makes it unlikely that he recidivates.

Goliday understands the need to be punished accordingly. He has accepted responsibility for his actions by not only pleading guilty but by immediately acknowledging his guilt to law enforcement. Ironically, the driving force in his guidelines is the relevant conduct that he admitted to during this interview. This admission led to a significant increase in his base level offense (paras 16/22).

Goliday understands the significance of his crimes, and the importance of a sentence that deters these types of crimes. He as much as anyone can appreciate the importance of the programming and educational opportunities available at the BOP. Fortunately, and to his credit he has fully availed himself of these opportunities, and has prepared himself to be successfully integrated back into society.

It is hard to imagine that a sentence of 121 months in the B.O.P. does not adequately deter future criminal conduct and/or reflect the seriousness of the offense. Goliday's performance during his time at the BOP shows that he has taken his sentence seriously and set himself up to successfully integrate back into society. An overly lengthy sentence, will not only create a point of diminishing return in the BOP's ability to provide Goliday programming, but it will also make it more difficult for other prisoners to engage in much needed rehabilitation.

The proper sentence after applying the factors set forth in 18 U.S.C. § 3553(a) is one of no more than (121) months of incarceration in the Bureau of Prisons followed by eight (8) years of supervised release. Such a sentence properly takes into account *inter alia*, Goliday's personal

characteristics, remorse for his actions, performance at the BOP, ineligibility for a RDAP sentence reduction, and his immediate acceptance of responsibility.  A 121-month sentence would represent a two-level downward variance from the guideline, and is an equitable resolution considering the aforementioned reasons

Letters of support filed separately pursuant to Local Rule;

Respectfully submitted,

HAYES RUEMMELE, LLC

By:   /s/ *Charles C. Hayes*
Charles C. Hayes
22 E. Washington St. Ste. 610
Indianapolis IN 46204
T: 317-491-1050; F: 317-491-1043
Charleshayes.atty@gmail.com

Letters of support filed separately pursuant to Local Rule.

CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2024, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Charles C. Hayes*
Charles C. Hayes

22 E. Washington St. Ste. 610
Indianapolis IN 46204
T: 317-491-1050
F: 317-491-1043