UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| V. | ) Cause No. 1:18-CR-0331-JPH-KMB |
| THOMAS LEE GOLIDAY, | ) |
| Defendant. | ) |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Michelle Brady, Assistant United States Attorney, hereby files its Sentencing Memorandum as to Thomas Lee Goliday.

This matter is before the Court for re-sentencing as to Counts Two, Three, and Four of the Superseding Indictment. Defendant Goliday was previously sentenced on February 10, 2021 as to Counts One through Four of the Superseding Indictment; Defendant received an aggregate sentence of 180 months. Dkt. 68.

It is the respectful recommendation of the United States that a sentence of 180 months remains the appropriate sentence in this matter, which is near the high end of the advisory guideline range of 151-188 months.

### I. CRIMINAL ACTIVITY

Defendant became the target of a drug investigation being jointly conducted by the IMPD and DEA in the Fall of 2018. As a result of the

investigation, on September 27, 2018, officers executed a narcotics related search warrant at Defendant's home. In the course of the search, officers found a loaded Glock 22 in the garage, along with a black grocery bag containing 49.93 grams of fentanyl, 42.71 grams of a fentanyl/cocaine mixture, 10.55 grams of cocaine base, 10.73 grams of methamphetamine, six Alprazolam (Schedule IV) pills, eight Oxycodone pills, and 27 Buprenorphine strips (Schedule III). Defendant's intent was to sell those controlled substances.

The defendant's girlfriend, Shamika Davis, was interviewed on September 27, 2018; she stated she is "not allowed" in the attached garage when the defendant is home, noting the defendant spends a lot of time in the garage. A large majority of the narcotics and the firearm were found in the attached garage.

Defendant was interviewed on September 27, 2018; during that interview, he acknowledged that he had been receiving two ounces of heroin a week for a year from a source of supply, which heroin he then resold to others in exchange for financial remuneration. During his custodial interview, the defendant admitted to ownership of the drugs. He claimed that the firearm belonged to a family member (whom he refused to name), but he admitted to having placed the firearm where the police recovered it (that is, in the garage where the bulk of the drugs were located.

## II. PROBATION HAS ACCURATELY CALCULATED THE ADVISORY GUIDELINES

Defendant's advisory guideline range was determined to be 33. PSR ¶ 32. His base offense level was 32, with a two level increase for possession of a firearm in connection with the drug offense, and a two level increase for maintaining a

premises for the purpose of drug distribution. PSR ¶¶ 23, 24. A three level decrease as a result of Defendant's acceptance responsibility results in an adjusted offense level of 33.

Defendant has objected to the guideline enhancement for possession of a firearm in connection with the drug offense. PSR, p. 23. Probation's response to this objection is well founded. Defendant claimed the gun was owned by someone else but would not say who; regardless, he acknowledged that he had placed the gun where it was found in the garage—feet from the drugs.

### III. UNITED STATES' SENTENCING RECOMMENDATION

Aggravating circumstances exist such as to make 180 months the appropriate custodial sentence in this case.

First, the nature of the offense is egregious: Defendant claimed to have been distributing two ounces of heroin a week. However, no heroin was found in Defendant's home on September 27, 2018, only multiple ounces of fentanyl and a fentanyl/cocaine mixture. The reasonable conclusion is that Defendant was selling fentanyl that he purported to be heroin to unwitting drug addicts who thought they were buying heroin. While not an uncommon mistake, this has, too many times, proven a deadly mistake, given the huge disparity in potency of the two drugs. Moreover, Defendant had a veritable pharmacy at his house: fentanyl, fentanyl/cocaine mixture, crack cocaine, methamphetamine, and various types of other Scheduled substances (Alprazolam (Schedule IV) pills, Oxycodone pills, and Buprenorphine strips (Schedule III)).

Second, this is the Defendant's second federal drug offense. In 2009 (when Defendant was 37 years old), he was arrested for Conspiracy to Distribute Cocaine and Cocaine Base, and in 2012, he received a five year custodial sentence. Defendant was released from custody in 2013, and five years later, when Defendant was approximately 46 years old, Defendant was arrested for the instant offense.

Defendant has proven himself an exception to the rule that he should have "aged out" of this criminal conduct by the age of 46. To the contrary, Defendant appears to have demonstrated no inclination to leave his criminal conduct behind and engage in the community in a law-abiding manner. As such, a sentence of 180 months is the appropriate sentence.

        Respectfully Submitted,

        ZACHARY A. MYERS
        United States Attorney

By:   s/ Michelle P. Brady
        Michelle P. Brady
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:   s/ Michelle P. Brady
Michelle P. Brady
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125
E-mail: Michelle.brady@usdoj.gov

5